# COMPLAINT
(for filers who are prisoners without lawyers)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

Eric D. Conner
#420475 - Pro-Se (Conner)
Plaintiff-Respondent.

v.

Case Number:

(Full name of defendant(s))
Dr. Scott Rubin-Asch; LT. Joseph Dresen;
Capt. John Sharpe; Sgt. Natthaniel-
Gilman; Sgt. Matthew Oswald; Sgt. Zachary-
Berger; Sgt. Gary Trostorff; C.O.-Jason-
Godfrey; C.O.-Steven Meyer; C.O.- Jared Hunt,
Defendants.

(to be supplied by Clerk of Court)

A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__, and is located at
   (State)
   __Wisconsin Secure Program Facility - 1101 Morrison__
   __Drive, P.O. Box 9900, Boscobel, WI 53805__
   (Address of prison or jail)

   (If more than one plaintiff is filing, use another piece of paper.)

2. Defendant __Scott Rubin-Asch__
                                          (Name)
   is (if a person or private corporation) a citizen of __Wisconsin__
                                                          (State, if known)

Complaint – 1

Case 2:17-cv-01388-DEJ   Filed 10/11/17   Page 1 of 20   Document 1

United States District Court
Eastern District Of Wisconsin
Continued:
Parties To Action

A.

(3) - Defendants: Joseph Dresen; John Sharpe; Nathaniel Gilman; Matthew Oswald; Zachary Berger; Gary Trostorff; Jason Godfrey; Steven Meyer; and Jared Hunt, at all relevant times to this action, employed at: Wisconsin Secure Program Facility, 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805; and acted under the color of law.

(4) - Defendants: Capt. John Sharpe is a Captain at (WSPF) and was acting in that capacity during the relevant times to this action. 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805.

(5) - LT. Joseph Dresen; is a Lieutenant at (WSPF) and was acting in that capacity during the relevant times to this action. 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805.

(6) - Defendants: Nathaniel Gilman; Matthew Oswald; Zachary Berger; Gary Trostorff; are all Sergeants (Sgt) at (WSPF) and was-

(Page 1 of 2)

# United States District Court
# Eastern District Of Wisconsin

Continued:

## Parties To Action

A. acting in that Capacity during the relevant times to this action. 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805.

(7) - Defendants: Jason Godfrey; Steven Meyer; and Jared Hunt are all low-level Correctional-Officers at (WSPF), and were acting in that Capacity during the relevant times to this action. 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805.

## (8) Jurisdiction

1.) - This Court has Jurisdiction under 28 U.S.C. § 1331 & 1313.

2.) - This Court has Jurisdiction to grant declaratory Judgment.

3.) - This Court has Jurisdiction under 42 U.S.C. § 1983 to grant Compensatory, Nominal and Punitive damages award.

## (9) - Exhaustion Of Admin. Remedies -

Plaintiff has exhausted all available administrative remedies.

and (if a person) resides at WSPF, 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)
worked for Wisconsin Secure Program Facility - 1101 Morrison Drive, P.O. Box 9900, Boscobel, WI 53805
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B  STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1   Who violated your rights;
2.  What each defendant did;
3.  When they did it;
4.  Where it happened; and
5.  Why they did it, if you know.

(1)- Plaintiff, Eric D. Conner ("Conner") alleges that "all" Ten (10) Defendants were "Deliberately Indifferent" to his Serious Mental Health needs; Constituting Cruel and unusual Punishment, in violation of the 8th Amendment; When they forced Plaintiff off Clinical Observation Status in retaliation for not Communicating with PSU Staff for 47 days, even after Plaintiff informed them that

(Page 1 of 14)

Complaint – 2

he was going to harm himself and felt Suicidal; and for acting with "Reckless Indifference" to that Vulnerability under the 14th Amendment.

(2).- : Plaintiff's Observation Background:

Plaintiff, "Conner", was placed on Clinical Observation Status on March-3, 2017 at (or around) 0900 hours for trying to hang himself at Outside recreation using a white bed sheet. Note: Plaintiff was just release from Clinical Observation Status on March-2, 2017 at (or around) 1630 hours.

(1).- Statement Of Claim -

United States District Court
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

(2) - On April 20, 2017, At (or around) 0800 am Ms. Angelia Mink, a Psychological Associate; Came to Conner's Observation Cell to try and evaluate/assess him, but Conner refused to Converse with, Ms. Mink.

(3) - Ms. Mink stated; "Since you haven't been talking with PSU staff and even refuse to talk to me now Mr. Conner; I'm Keeping you on Clinical Observation Status". See → "Exhibit K"

(4) - Hours Later At (or around) 1430-1450 pm. On April 20, 2017, Dr. Scott Rubin-Asch, PSU Supervisor, Came to Conner's Observation Cell to try and Converse with him, but again, Conner remained uncommunicative. See → Exhibits "E" and "L"

(5) - Dr. Rubin-Asch stated to Conner, "You don't want to talk to me or any (PSU) staff, I'm Forcing You Off Clinical Observation Status, because PSU Needs to Find another way to get You to Communicate with us". He then walked away.

(Page 3 of 14)

United States District Court
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

(6) - <u>Retaliatory Motive</u>: may be inferred from the chronology of events. See= <u>Cain v. Lane</u>, 857 F.-2d 1139, 1143. n.6. (7th Cir. 1988). Here, Mr. Conner was reticent with "<u>All</u>" PSU Staff during his "<u>48</u>" days on Clinical Observation Status; in which, Dr. Rubin-Asch was very angry about, thus, retaliation was a motivating factor behind his conduct.

(7) - About "<u>5</u>" minutes later after <u>Dr. Rubin-Asch</u> walked away from <u>Conner's</u> observation cell, <u>Officer Jason Godfrey</u> approached <u>Conner's</u> cell with regular segregation clothes: T-shirt; Pants; underwear; socks. Officer Godfrey asked Conner if he was ready to changeover. Mr. Conner Stated, "No"!

(8) - <u>Mr. Conner</u> then stated, "I'm not ready to come off observation status. I'm having thoughts of Self-Harm/Suicidal". <u>Officer Godfrey</u> left Conner's cell and returned about 30 seconds later with, <u>LT. Joseph Dresen</u> and <u>Dr. Rubin-Asch</u>.

(Page 4 of 24)

United States District Court
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

(9) - Mr. Conner told, L.T. Dresen; Dr. Rubin-Ash; and Godfrey, that he was Suicidal and having thoughts of Self-harm, and will try to kill himself for "John Remy" if he is taken off Clinical Observation Status.

(10) - Dr. Rubin-Ash, Stated, "I'm still forcing you off Clinical Observation, Mr. Conner. This is the only Conversation PSU Staff has had with you in "47" days. You are Coming off". All "3" defendants walked away from Conner's Observation Cell.

(11) - Mr. Conner yelled to the "3" defendants as they were walking away, "I'm not ready to Come off Observation Status, I'm Suicidal".

(12) - About (15) minutes later; An "Extraction Team" Supervised by Captain John Sharpe Showed up to Conner's Cell in full black tactical gear with gas spray to remove Conner from Clinical Observation Status.

(Page 5 of 24)

United States District Court
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

13) Extraction Team: Sgt. Zachary Berger was holding the small hand-held camera. Sgt. Nathaniel Gilman; Officer Steven Meyer; and Officer Jared Hunt, were the defendants in full tactical gear extracting Conner from his observation cell.

14) Sgt. Matthew Osicald was present during Conner's extraction and witness this incident. Again the Extraction Team was being supervised by Capt. John Sharpe.

15) Mr. Conner informed Capt. Sharpe and the Extraction team that he told defendants: Dr. Rubin-Asch; LT. Dresen; and Officer Godfrey that he was suicidal, having thoughts of self-harm, and will try to kill himself if forced off observation.

16) Mr. Conner then told Capt. Sharpe and the Defendants who was the Extraction Team that he was going to try and kill himself if forced off observation status.

(Page 9)

United States District Court
Eastern District Of Wisconsin

B.
Continued:
Statement Of Claim

(17) - Mr. Conner kept reiterating this to all the defendants while he was being held in the Alpha Unit Strip Cell. Yet he was ignored.

(18) - Wearing regular Segregation Clothing, Mr. Conner was then escorted by the Extraction Team and Capt. Sharpe out of the strip cell to a regular Segregation cell, Alpha 316.

(19) - Mr. Conner yelled to Sgt. Gary Trostorff, that he was suicidal and to place him back on Clinical Observation Status, but Sgt. Trostorff didn't respond to Mr. Conner's statement. Sgt. Trostorff was the 2nd Shift Alpha-Unit Sgt. For April 20, 2017.

(20) - When arrived at his cell, Mr. Conner acknowledged that his "lien" and sweater was removed from his cell. Blankets; Sheets; Pillow case; Washcloth; Drying Big Towel; and Sweater were removed, but not the clothes he wore.

(Page 10)

United States District Court
Eastern District Of Wisconsin

B.
Continued:
Statement Of Claim

(21) - Captain John Sharpe informed Mr. Conner that he had the items removed; he kept stating that he knew Conner was going to try and manifest self-harm behavior due to Conner informing him and other defendants - Extraction Team.

(22) Hours later, At (or around) 0800 pm, Mr. Conner tied his shirt to one of his pant's leg. One end tied to the shower the other around his neck in attempt to hang himself. An inmate across the hall from Mr. Conner acknowledged what Mr. Conner was doing and push his in-cell button to inform the Sgt.; Sgt. Trostorff.

(23) - Officers showed up to Mr. Conner's cell to find him hanging by the shower head; clothes tied around his neck. Mr. Conner was ordered to remove the clothes from around his neck or he will be pepper sprayed. Mr. Conner Complied and removed the items.

(Page 8 of 14)

United States District Court
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

(24) - Mr. Conner was taken back to Alpha's Strip Cell, then to an Observation Cell on Clinical Observation Status. See→ Exhibit J

(25) - LT. Joseph Dresen retaliated against Mr. Conner (Plaintiff) by, placing Mr. Conner on "Lien" Restriction when he knew, and witness that these items were already removed from Mr. Conner's Cell, before the Extraction Team escorted Conner to his cell. Mr. Conner never utilized his lien on April 20, 2017, to cause self-harm to himself, because it wasn't any lien in his cell to begin with.

(26) - On April 21, 2017, Mr. Conner was not only placed on "Lien" restriction but "Paper-Gown Restriction as well. See→ Exhibits A-D.

(27) - Dr. Rubin-Asch Further retaliated against Mr. Conner by, writing false, fabricated Statements about Mr. Conner on a DOC-3473 Form: Psychological Services Clinical Contact. See→ Exhibit "E" and Exhibit "L".

(Page 9 of 14)

United States District Court
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

(28) - Dr. Rubin-Asch lied about the date he forced Conner off clinical observation status. He put April-19, 2017, instead of April 20, 2017. He lied when he stated, Conner masterbated to the Female Nurses who applied creames to his Feet. See → DOC-3473 form; Exhibit-"E".

(29) - Dr. Rubin-Asch lied about me not telling him on April 20, 2017, that I was suicidal and had thoughts of self-harm. See → DOC-3473 form; Exhibit "L". Dr. Rubin-Asch should've kept Conner on clinical observation status after Conner informed him that he had thoughts of self-harm. Dr. Rubin-Asch's whole and main objective was to remove Conner from observation status to get him to start communicating with PSU staff; even if it meant Conner committing suicide or harming himself.

(30) - Captain John Sharpe should've kept Conner on clinical observation status and never removed Conner. Capt. Sharpe should've placed Mr. Conner back on clinical observation status after Conner informed him that he was feeling suicidal and having thoughts of self harm.

(Page 10 of 14)

United States District Court
Eastern District Of Wisconsin

B. Continued
Statement Of Claim

(31) - Capt. Sharpe failed to protect Mr. Conner by not removing Conner's Clothes before placing him back into his cell and given him a Security "Smock" in replace. Mr. Conner's Lien, Blankets, Towels, Sweater were removed, but not his Clothes.

(32) Defendants: Lt. Dreser; Sgt. Berger; Sgt. Oswald; Sgt. Gilman; Sgt. Tirostorff; and Officers: Meyer; Godfrey; and Hunt, all faild to protect Conner from self-harm by keeping Conner on Observation status and by removing his clothes and issusing Conner a Smock.

(33) The (7th Cir.) has recognize that where an officer has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights, but failed to do so, he may be held reliable. See → Harper v. Albert, 400 F.3d 1052, 1064 (7th Cir. 2005) A Constitutional Violation Under the Eight Amendment.

(34) - All (Ten) defendants were deliberately indifferent to Mr. Conner's serious mental health needs. By forcing Conner off of —

(Page 14 of 20)

B.

## Statement Of Claim

Clinical Observation Status, and by Failing to protect Conner From Self-harm.

(35) - Defendants: had actual "Subjective" Knowledge that Conner was at Substantial risk Of trying to Committ Suicide, because Conner warned the (10) Ten defendants several times On April 20, 2017, that he was going to harm himself If Forced Off Clinical Observation. Therefor "all" Ten defendants Should be held liable, thus, Can not Claim Immunity in this suit.

(36) Mr. Conner also request that this Court review the April 20, 2017, Extraction Team's Camera Footage that will show that Conner Informed "all" the named defendants in this Civil Suit that he would do self-harm and was Suicidal. This Camera Footage Corroborates Conner's Claims of deliberate Indifference to his Serious Mental health needs, Failure To protect, Failure To Act. Plaintiff will mark this Camera Footage as Exhibit-K.

(Page 12 of 14)

United States District Court.
Eastern District Of Wisconsin

B. Continued:
Statement Of Claim

(37) - Mr. Conner also secured an Affidavit from Inmate Jarvis Gordon #551848, who was also on Clinical Observation Status on April 20, 2017, in Observation Cell 401, next to Conner. He witness and heard Mr. Conner inform defendants: Scott Rubin-Asch, LT. Dresen and Officer Jason Godfrey, that he was Suicidal, having thoughts of Self-harm, and will try to kill himself if he is forced off Observation Status. See Exhibits - F - I ; Affidavit 4 pages.

(38) - Plaintiff, Eric D. Conner, believes he has meet the "Objective" and "Subjective" requirements to succeed on an 8th Amendment Claim regarding deliberate indifference to his serious mental health needs.

(39) - Mental And Emotional Injury Under 42 U.S.C. 1997e(e)

Due to the mental and emotional injury, and the defendants deliberate indifference to it, and the defendants reckless indifference to Conner's

United States District Court
Eastern District Of Wisconsin

B. Continued:

Vulnerability, Conner Suffered Mental and emotional pain and suffering as a result.

## Sworn Civil Complaint

I, Eric D. Conner, hereby declare under penalty of perjury statute, 28 U.S.C. 1746, that the testimony made in this Complaint is true and Correct and based on my personal knowledge and experience and made voluntarily and my signature below verifies this testimony.

Eric D. Conner
#420475
WSPF- P.O. Box 9900
Boscobel, WI 53805

Dated: 10-10-17

Signature: *[signature]*
Pro Se litigant.

(Page 14 of 14)

C.  JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

(1)- Declaratory Judgment: Plaintiff Conner request a declaratory judgment that the defendants all violated Conner's Eighth Amendment Rights.

(2)- Compensatory: Plaintiff Conner request a Compensatory award in the amount of $300,000 dollars.

(Page 1 of 2)

United States District Court
Eastern District of Wisconsin
D. Continued:
Relief Wanted

(3) - Punitive: Plaintiff Conner request a Punitive award in the amount of $600,000 dollars.

(4) - Nominal: Plaintiff Conner request a Nominal award in the amount of $9,999 dollars.

(5) Injunctive Relief: Plaintiff Conner request for this Court to issue an order to WSPF Psu staff/dept. to transfer plaintiff to a treatment facility to have his mental health needs properly and professionaly address. Thank You!

Dated this 10th day of October, 2017.

Eric D. Conner
#420475
WSPF- P.O. Box 9900
Boscobel, WI 53805

Signature: [signed]

E.  JURY DEMAND

I want a jury to hear my case.

☒ – YES         ☐ – NO


I declare under penalty of perjury that the foregoing is true and correct

Complaint signed this __10th__ day of __October__ 20__17__.

Respectfully Submitted,

_[signature]_
Signature of Plaintiff

__#420475__
Plaintiff's Prisoner ID Number

__Wisconsin Secure Program Facility (WSPF) 1101-Morrison Drive, P.O. Box 9900, Boscobel, WI 53805__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE**

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5